UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAELENE RODRIGUES,
SUZANNE FORTE and CHRISTIANE
LEVESQUE, an individual,

      Plaintiffs,

v.                                       Case No: 2:15-cv-128-FtM-29CM

SCM I INVESTMENTS, LLC,

      Defendant.

## ORDER

Before the Court is Defendant's Motion to Stay Discovery Pending Resolution of Defendant's Motion to Dismiss (Doc. 27), filed on July 8, 2015; Plaintiffs' Response in Opposition to Defendant's Motion to Stay Discovery Pending Resolution of Defendant's Motion to Dismiss (Doc. 28), filed on July 13, 2015; and Plaintiff, Suzanne Forte's Motion for Enlargement of Time to Respond to Defendant's Discovery Demands (Doc. 29), filed on July 22, 2015.

As the Case Management and Scheduling Order explains, "[m]otions for an extension of other deadlines established in this order, including motions for an extension of the discovery period, are disfavored." Doc. 23 at 3. While Rule 26, Federal Rules of Civil Procedure, provides authority for the Court to stay discovery, the moving party bears the burden of establishing good cause and reasonableness. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). Although not binding, the Middle District Discovery Handbook also explains that the pendency of motions such

as those filed by Defendant in this action ordinarily does not constitute good cause for a stay:

> Normally, the pendency of a motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion. Such motions for stay are rarely granted. However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden.

Middle District Discovery (2015) at 5-6.

When determining whether to stay discovery, however, the Court also must balance the harm produced by any delay with the possibility that the motions will be granted and eliminate the need for discovery. *McCabe*, 233 F.R.D. at 685. Thus, the Court must take a "preliminary peek" at the merits of the pending dispositive motion to see whether it "appears to be clearly meritorious and truly case dispositive." *Id.* (citation and quotation marks omitted). To that end, the Court has reviewed the Complaint, Defendant's motion to dismiss, Plaintiffs' response, Defendant's reply and Plaintiff's surreply to determine whether "unusual circumstances" are present, Defendant has made a "specific showing of prejudice or undue burden" to justify the stay, and Defendant's motion is "clearly meritorious." The Court concludes that Defendant has failed to meet its burden in these respects.

Here, Defendant alleges that the scope of discovery may be drastically reduced following the resolution of Defendant's motion to dismiss, and/or wholly unnecessary as to the two opt-in Plaintiffs if their claims are dismissed entirely. Defendant's assertion that a stay would "spare the parties the potentially unnecessary and wasteful expenditure of their limited time and resources" is neither specific nor

unusual. Doc. 27 at 2. Moreover, Plaintiff Michaelene Rodrigues asserts that even if the two opt-in Plaintiffs are dismissed from this action, she still will need to depose the former opt-in Plaintiffs in support of her claims, so the amount of discovery to be completed will not be reduced to the degree Defendant contends. Upon review, the Court also finds that Defendant's motion also is not so "clearly meritorious and truly case dispositive" as to warrant an indefinite stay of discovery and case management deadlines in this matter.[1]

The Court also is not inclined to stay discovery so that Defendant may conserve resources, when it appears that Defendant already has propounded at least some discovery since filing its motion to dismiss. Defendant's motion to dismiss was filed on April 6, 2015. Doc. 11. On July 22, 2015, Opt-in Plaintiff Suzanne Forte filed a motion for a one-week extension of time to respond to Defendant's discovery requests, citing complications and delays from a serious motor vehicle accident in which Ms. Forte was involved. Doc. 29. Ms. Forte's motion states that "Defendant served its First Set of Interrogatories and First Request for Production of Documents … upon Ms. Forte on or about May 25, 2015." Doc. 29 at 2. Thus, because Defendant initiated discovery after filing a motion to dismiss, its argument that all discovery

---

[1] Defendant cites *Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353 (11th Cir. 1997), in support of its contention that discovery must be stayed while dispositive motions are pending. This Court, however, has determined that *Chudasama* did not stand for such a broad proposition. *See Houston v. 7-Eleven, Inc.*, No. 2:14-cv-441-FtM-29CM, 2015 WL 412523, at *1 (M.D. Fla. Jan. 30, 2015) ("*Chudasama* does not stand for the proposition, however, that all discovery in every circumstance should be stayed pending a decision on a motion to dismiss. 'Instead, *Chudasama* and its progeny stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount.'") (citation and quotation marks omitted). The Court therefore finds this argument unpersuasive.

should be stayed to conserve resources is not well-taken. Opt-in Plaintiff Suzanne Forte's request for an extension, despite the insufficient Local Rule 3.01(g) certification, will be granted, the Court finding good cause for the brief extension. The parties are cautioned, however, that future motions that fail to comply with the Local Rules or advise the Court that the certification will be supplemented upon proper conferral will be denied or stricken.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant's Motion to Stay Discovery Pending Resolution of Defendant's Motion to Dismiss (Doc. 27) is **DENIED**.

2. Plaintiff, Suzanne Forte's Motion for Enlargement of Time to Respond to Defendant's Discovery Demands (Doc. 29) is **GRANTED** *nunc pro tunc*. Plaintiff shall have up to and including **July 29, 2015** to respond to Defendant's discovery demands.

**DONE** and **ORDERED** in Fort Myers, Florida on this 3rd day of August, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

- 4 -