```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

MICHAELENE RODRIGUES, an individual, SUZANNE FORTE, an individual, and CHRISTIANE LEVESQUE, an individual, and other similarly situated individuals,

      Plaintiffs,

v.                                      Case No: 2:15-cv-128-FtM-29CM

SCM I INVESTMENTS, LLC, a Florida limited liability company,

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on Defendant's Partial Motion to Dismiss (Doc. #11) filed on April 6, 2015. Plaintiffs filed a Response in Opposition (Doc. #16) on April 30, 2015. With leave of court, defendant filed its Reply in Support of its Partial Motion to Dismiss (Doc. #24) on June 8, 2015. For the reasons set forth herein, Defendant's Partial Motion to Dismiss is granted in part and denied in part.

**I.**

Plaintiffs Michaelene Rodrigues ("Rodrigues"), Suzanne Forte ("Forte"), and Christiane Levesque ("Levesque") (collectively plaintiffs) are former employees of defendant SCM I Investments,

LLC d/b/a The Wine Loft of Naples ("The Wine Loft" or defendant). The Complaint (Doc. #1) filed on February 27, 2015, contains three counts. Rodrigues alleges age discrimination claims in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34 ("ADEA") in Counts I and II. While not named-plaintiffs in these two counts, Forte and Levesque allege they are similarly situated and are therefore opt-in plaintiffs. (Doc. #1, ¶ 17; Doc. #2.) Rodriques, Forte, and Levesque all allege age discrimination claims in violation of the Florida Civil Rights Act, Fla. Stat. §§ 760.01-760.11 ("FCRA") in Count III. All three counts assert that there are other similarly situated plaintiffs, and the case seeks to proceed as a collective action under the ADEA.

Defendant's Partial Motion to Dismiss (Doc. #11) seeks dismissal of portions of the Complaint under Federal Rule of Civil Procedure 12(b)(6). Defendant asserts that: (1) Rodrigues failed to exhaust administrative remedies regarding her ADEA claim, (2) Forte and Levesque cannot "piggyback" on Rodrigues' charge of discrimination to pursue their collective action ADEA claims, and (3) Plaintiffs' claims under the FCRA are untimely. Defendant seeks dismissal of the ADEA claims with prejudice, dismissal of Forte and Levesque's FCRA claims with prejudice, and dismissal or limitation of Rodrigues' claims under the FCRA to the extent they are based on conduct that occurred more than 365 days prior to the filing of her charge of discrimination. (Id.)

2

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being

facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

When ruling on a 12(b)(6) motion, "a judge generally may not consider materials outside of the four corners of a complaint without first converting the motion to dismiss into a motion for summary judgment." Pouyeh v. Bascom Palmer Eye Inst., 613 F. App'x 802, 808 (11th Cir. 2015) (citing Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005)). "However, a document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)). Here, the Court may look to the EEOC documents attached to defendant's Motion to Dismiss and plaintiffs' Response in Opposition to defendant's Motion to Dismiss because the EEOC documents are central to the litigation and the authenticity of the documents is not in dispute.

"Generally, the existence of an affirmative defense will not support a motion to dismiss" Quiller v. Barclays American/Credit, Inc., 727 F.2d 1067, 1069 (11th Cir. 1984), aff'd on reh'g, 764

4

F.2d 1400 (11th Cir. 1985) (en banc) (per curiam) (reinstating panel opinion), because plaintiffs are not required to negate an affirmative defense in their complaint. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).  A complaint may be dismissed, however, when the existence of an affirmative defense "clearly appears on the face of the complaint." Quiller, 727 F.2d at 1069. "A complaint may be dismissed if an affirmative defense, such as failure to exhaust, appears on the face of the complaint. Otherwise, exhaustion and other affirmative defenses must be raised in a responsive pleading." Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (citations omitted).  See also La Grasta, 358 F.3d at 845 ("[A] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred") (quoting Omar ex rel. Cannon v. Lindsey, 334 F.3d 1246, 1251 (11th Cir. 2003)); Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008)(same).

### III.

**A. Rodrigues' Failure to Exhaust**

Defendant seeks dismissal of Counts I and II with prejudice because plaintiff Rodrigues failed to satisfy a condition precedent to bringing suit.  Specifically, defendant asserts that Rodrigues failed to timely file a charge of discrimination with the EEOC.  (Doc. #11, pp. 7-9.)

5

The ADEA requires, as a condition precedent to filing suit, that plaintiff exhaust administrative remedies by filing a timely charge of unlawful discrimination with the EEOC before filing a lawsuit. 29 U.S.C. § 626(d)(2); Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1291 (11th Cir. 2002). To be timely in Florida, a charge of unlawful discrimination must be filed with the administrative agency not more than 300 days after the allegedly unlawful employment practice occurred. Bost v. Fed. Express Corp., 372 F.3d 1233, 1238 (11th Cir. 2004); Brooks v. CSX Transp., Inc., 555 F. App'x 878, 880 (11th Cir. 2014). If plaintiff fails to comply with this requirement, she cannot assert a claim in court. Sheffield v. United Parcel Serv., Inc., 403 F. App'x 452, 454 (11th Cir. 2010) (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002)).

The pleading requirement for compliance with a condition precedent is set forth in Federal Rule of Civil Procedure 9(c), which provides: "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity." Should a defendant make that denial, "[t]he plaintiff then bears the burden of proving that the conditions precedent, which the defendant has specifically joined in issue, have been satisfied."

6

Jackson v. Seaboard Coast Line R.R. Co., 678 F.2d 992, 1010 (11th Cir. 1982).

Paragraph 18 of the Complaint states that "[a]ll conditions precedent to the bringing of this action have been satisfied or waived." (Doc. #1.) This general statement is sufficient to discharge plaintiff's duty under Rule 9. Myers v. Cent. Fla. Invs., Inc., 592 F.3d 1201, 1224 (11th Cir. 2010). The Complaint alleges more, however, stating that Rodrigues filed a charge of discrimination with the EEOC "on or about July [1]7, 2014." (Doc. #1, ¶ 15).[1] Unless the Complaint, or permissibly considered EEOC documents, show that these factual allegations are not true, the motion to dismiss must be denied.

Plaintiff's Complaint alleges that Rodrigues suffered discrimination through September 23, 2013. (Doc. #1, ¶¶ 24, 55; Doc. #16-1.) Taking this allegation as true, Rodrigues needed to file her administrative charge of discrimination on or before July 20, 2014 for it to be timely. Defendant asserts that the charge of discrimination was not filed until August 6, 2014 (Doc. #11, p. 8; Doc. #11-1) or, at the earliest, July 23, 2014. (Doc. #11, p.

---

[1] While plaintiffs' Complaint (Doc. #1) indicates that Rodrigues' charge of discrimination was filed on or about July 7, 2014, plaintiffs acknowledge within their Response in Opposition to Defendant's Motion to Dismiss (Doc. #16) that this was a scrivener's error and the date the intake questionnaire was filed was actually July 17, 2015. (Doc. #16, p. 3 n.1.)

9; Doc. #11-2.)  Plaintiffs respond that Rodrigues filed her "charge" when Rodrigues faxed her intake questionnaire to the EEOC on July 17, 2014, three days before the expiration of the 300 day time period on July 20, 2014. (Doc. #16, pp. 3-6; Doc. #16-1.) The issue thus becomes whether the intake questionnaire was a "charge" of discrimination.

Depending upon its contents, an intake questionnaire can constitute a charge of unlawful discrimination. Fed. Express Corp. v. Holowecki, 552 U.S. 389, 395-403 (2008); Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1321 (11th Cir. 2001).  A charge of age discrimination must: (1) "be in writing"; (2) "name the prospective respondent"; and (3) "generally allege the discriminatory act(s)." 29 C.F.R. § 1626.6.  Although these are the only required elements of a charge under the ADEA, the charge "should" also contain "certain other information, including the full name, address, and telephone number of the charging party, full name and address of the employer, a clear and concise statement of the alleged unlawful discrimination including pertinent dates, and the approximate number of employees." Bost, 372 F.3d at 1238 (citing 29 C.F.R. § 1626.8(a)(1)-(5)). Another important consideration is whether the intake questionnaire evidences an intent on behalf of the individual to activate the administrative process. Holowecki, 552 U.S. at 402.

The Court finds that the intake questionnaire that Rodrigues submitted met the minimum requirements of a charge of discrimination. The intake questionnaire is in writing, names the prospective respondent as The Wine Loft, and sets forth the discriminatory acts. (Doc. #16-1, pp. 2-5.)  It also contains Rodrigues' full name and address, the full name and address of her employer, The Wine Loft, pertinent dates regarding her alleged discrimination, and the approximate number of employees employed at The Wine Loft. (Id.)

Additionally, the intake questionnaire form that Rodrigues submitted instructed her to select one of two boxes located on page 4 of the questionnaire to indicate what she would like the EEOC to do with the information that she provided. (Doc. #16-1.) Box one stated: "I want to talk to an EEOC employee before deciding whether to file a charge. I understand that by checking this box, I have not filed a charge with the EEOC. I also understand that I could lose my rights if I do not file a charge in time." (Doc. #16-1, p. 5.)  Rodrigues did not check box one. (Id.)  Box two stated:

> I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name. I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age,

9

genetic information, or retaliation for opposing discrimination.

(Id.) Rodrigues checked box two. (Id.) By checking the second box, Rodrigues indicated to the EEOC that she intended to initiate the administrative process by submitting the intake questionnaire to the EEOC.

Taking the factual allegations in plaintiffs' Complaint as true, and considering the relevant EEOC documents, the Court finds that Rodrigues' intake questionnaire (Doc. #16-1) was sufficient to constitute a "charge" of unlawful discrimination to the EEOC. Rodrigues' charge of discrimination was therefore filed within 300 days of the last alleged unlawful employment practice. Accordingly, defendant's Motion to Dismiss Counts I and II for failure to exhaust administrative remedies is denied.

### B. Forte and Levesque Opt-In Claims Piggybacking on Rodrigues' Charge of Discrimination

While Rodrigues is the only named-plaintiff in the ADEA claims, Forte and Levesque assert they are similarly situated and have opted-in to those claims. (Doc. #1, ¶ 17; Doc. #2.) Forte and Levesque assert that they need not have filed EEOC charges because they can "piggyback" on Rodrigues' EEOC charge.

Defendant moves to dismiss Forte and Levesque as opt-in plaintiffs, asserting that neither can utilize the single-filing/piggybacking rule because: (1) Rodrigues' charge is invalid; (2) their claims do not arise out of similar

10

discriminatory treatment in the same time frame; (3) Forte and Levesque filed their own EEOC charges; and (4) Rodrigues' charge does not contain class-wide allegations. (Doc. #11, pp. 10-12.) Plaintiffs argue to the contrary. (Doc. #16, pp 12-19.)

Ordinarily, every employee who intends to sue for age discrimination under the ADEA must first file an administrative charge of discrimination with the EEOC within the appropriate time limit. Bost, 371 F.3d at 1238; Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1217 (11th Cir. 2001). Courts developed an exception to this rule in class action cases, holding that "under some circumstances, a grievant who did not file an EEOC charge may opt into a class action by 'piggybacking' onto a timely charge filed by one of the named plaintiffs in the class action." Grayson v. K Mart Corp., 79 F.3d 1086, 1101 (11th Cir. 1996). This "single-filing" or "piggybacking" rule was extended to Title VII cases, Calloway v. Partners Nat'l Health Plans, 986 F.2d 446, 450 (11th Cir. 1993), and ultimately to ADEA cases. Grayson, 79 F.3d at 1101-02. See also Hipp, 252 F.3d at 1217; Bost, 371 F.3d at 1239. This is "a limited exception" to the general rule requiring individual exhaustion of administrative remedies. Sheffield, 403 F. App'x at 454. A plaintiff may piggyback on another plaintiff's EEOC charge provided "(1) the relied upon charge is not invalid, and (2) the individual claims of the filing and non-filing plaintiff arise out of similar discriminatory treatment in the

11

same time frame." Calloway, 986 F.2d at 450.  Additionally, "[t]o serve as the basis of an ADEA class action, the underlying EEOC charge must contain allegation(s) of class-wide discrimination." Grayson, 79 F.3d at 1107.

### (1) The First Calloway Requirement

Defendant asserts that piggybacking is not permissible because Rodrigues' claim was not timely filed with the EEOC and was therefore invalid.  As discussed above, the Court concludes the charge was timely filed with the EEOC.  There are no assertions that the EEOC claim is otherwise defective.  Therefore the two opt-in plaintiffs satisfy the first Calloway requirement.

### (2) The Second Calloway Requirement

The second Calloway requirement is that "the individual claims of the filing and non-filing plaintiffs must have arisen out of similar discriminatory treatment in the same time frame." Calloway, 986 F.2d at 450.  Defendant asserts that Forte and Levesque fail to meet the "same time frame" component because Forte and Levesque allege their discriminatory treatment occurred more than 300 days before Rodrigues' charge was filed. (Doc. #11, p. 13-15.)  While plaintiffs concede the timing, they assert that because of the nature of the termination their claims were equitably tolled. (Doc. #16, p. 16.)

In Hipp, the Eleventh Circuit clarified the "same time frame" requirement of the single filing rule.  252 F.3d 1208.  The Court

12

concluded that the proper rearward cutoff date was "limited to those plaintiffs who allege discriminatory treatment within the 180 or 300 days before the representative [EEOC] charge [was] filed." Id. at 1220. The Court further held that the "forward scope" of the single filing rule ended on the date the representative charge was filed. Id. at 1225. Thus, in order to piggyback "a plaintiff must have been able to file his or her charge of discrimination on the date the representative plaintiff filed the [EEOC] charge." Id. at 1214. In a deferral state such as Florida, this means no more than 300 days rearward.

As determined by the Court, Rodrigues filed her charge of discrimination with the EEOC on July 17, 2014. Going rearward for 300 days results in a cutoff date of September 20, 2013. Thus, in order for Forte's and Levesque's claims to meet the "same time frame" requirement, the last alleged discriminatory conduct against them must have been on or after September 20, 2013. The Complaint alleges that Forte was laid-off on July 3, 2013 because of age discrimination (Doc. #1, ¶ 68) and Levesque was constructively discharged on July 23, 2013 because of age discrimination (Id. ¶ 70.) Therefore, unless equitably tolled, neither can "piggyback" on Rodrigues' EEOC charge because on July 17, 2014, neither could have filed a timely EEOC charge.

Plaintiffs Forte and Levesque assert that equitable tolling applies, and therefore they can indeed piggyback on Rodrigues'

13

charge.[2]  It is clear that equitably tolling may apply to the ADEA time requirements, including those of opt-in plaintiffs. Grayson, 79 F.3d at 1105.  As a matter of law, however, an opt-in plaintiff who "suspected age discrimination at the time he resigned" cannot use equitable tolling to save an otherwise untimely ADEA claim. Hipp, 252 F.3d at 1223 n.13.  The Complaint alleges that one of defendant's managers told Forte and Rodrigues in May, 2013, that they would not be allowed to work a particular party because "you're old and look like 40 miles of bad road."  (Doc. #1, ¶ 26.)  In a July 22, 2013, e-mail from defendant's general manager, all employees were told he was making schedule and personnel changes that were "best for the Wine Loft as a whole," acknowledged that some employees were being taken off the work schedule entirely or having their shifts reduced, and stated that if such employees felt the "need for a new position elsewhere or additional hours outside of here I completely understand and can be a great reference for you."  (Doc. #1, ¶¶ 27-28.)  Forte alleges that she was laid-off on July 3, 2013 because business was slow, but that the very next day defendant hired a 25 year old woman to replace her.  (Doc. #1, ¶¶ 68-69.)  Levesque was not assigned any hours or

---

[2] In addition to asserting that equitable tolling allows Forte and Levesque to utilize the "piggybacking" rule, Plaintiffs also assert that equitable tolling applies to make their own untimely charges timely, completely separate from their attempt to "piggyback" on Rodrigues' charge. (Doc. #16, pp. 7-12.)

14

shifts to work after the July 22, 2013 e-mail, and was simply told defendant was "taking the restaurant in a different direction." (Doc. #1, ¶¶ 70-71.) At the time, Levesque was given a favorable letter of recommendation by defendant. (Doc. #1, ¶ 72.)

Since Forte has pled facts which show she suspected age discrimination in at least May, 2013, she cannot utilize equitable tolling. In regard to Levesque, the Court is unable to determine from the facts alleged in the Complaint whether or not she is entitled to utilize equitable tolling at this time. To resolve the issue of equitable tolling for Levesque would take the court far beyond the four corners of the Complaint and permissibly considered EEOC documents. The Court therefore denies the motion to dismiss in regard to Levesque, leaving the issue for another day after further development of the record.[3] The motion is granted as to Forte.

**(3) Forte and Levesque's Disqualification from Piggyback Rule Because They Filed Their Own Charges**

Defendant next argues that Forte and Levesque cannot utilize the piggybacking rule because they did in fact file their own charges of discrimination, which were found to be untimely by the EEOC. (Doc. #11, pp. 10-12.) Plaintiffs concede that Forte and

---

[3] Defendant attaches to its Reply an exhibit (Doc. #24-1) that is outside of the four-corners of the plaintiffs' Complaint and is not being taken into consideration in this ruling.

15

Levesque filed individual EEOC charges, which were found to be untimely, but assert this does not preclude them from utilizing the piggyback rule. (Doc. #16, pp. 12-16.)

As stated above, the Eleventh Circuit has stated that "a putative plaintiff who has not filed his own EEOC charge may 'piggyback' his claim onto the claim of a plaintiff who has filed a timely charge." Hipp, 252 F.3d at 1217.  But what happens when a putative plaintiff has filed her own EEOC charge?  Can such a putative plaintiff opt-in to another's timely EEOC charge if her own was found to be untimely?

Neither side has cited any binding authority on the issue, and other courts appear split.  The Eleventh Circuit has addressed the situation where a person had filed his own EEOC charge, but failed to file his lawsuit within the required 90 days and attempted to piggyback on another's timely lawsuit.  Gitlitz v. Compagnie Nationale Air Fr., 129 F.3d 554, 557 (11th Cir. 1997). In this situation, the Eleventh Circuit stated:

> It is clear that a plaintiff who has not filed an EEOC charge may "piggyback" on the timely filing of an EEOC charge by another plaintiff who faced similar discriminatory treatment in the same time frame.
>
> . . .
>
> In fashioning the ADEA statute of limitations, Congress carefully balanced the interests of plaintiffs and the interests of employers. A plaintiff who has not filed an individual EEOC charge may invoke the single-filing rule where

16

> such plaintiff is similarly situated to the person who actually filed an EEOC charge, and where the EEOC charge actually filed gave the employer notice of the collective or class-wide nature of the charge. In such circumstances, it is reasonable from the perspective of the employer's interests and the interests of economy of administration within the agency to permit such a plaintiff to rely upon the other claimant's EEOC charge. However, where a plaintiff has filed an individual EEOC charge, such a plaintiff should be required to rely upon his or her own EEOC charge, and cannot reasonably rely upon the other claimant's charge. Thus, we conclude that Collins may not "piggyback" onto Gitlitz's ADEA claim.

Id. (citations omitted). The Court concludes that the rationale of this holding applies equally to this case. The two opt-in plaintiffs, having filed their own charges of unlawful discrimination with the EEOC, must rely upon their own EEOC charge.

Therefore, the Court holds that Forte and Levesque are barred from utilizing the "piggybacking" rule in this case.

**(4) Class Allegations in Rodrigues' Charge**

Finally, Defendant assert that Rodrigues' Charge did not contain class allegations, putting the employer on notice of the collective or class-wide nature of the charge. (Doc. #11, p. 18.)

"To serve as the basis of an ADEA class action, the underlying EEOC charge must contain allegation(s) of class-wide discrimination." Grayson, 79 F.3d at 1107. The purpose of this is to put the employer on notice of the alleged class-wide discrimination allegations. Id. Plaintiffs respond that

Rodrigues' intake questionnaire and amendment to the Charge of Discrimination do indicate class-wide discrimination. (Doc. #16, pp. 17-19.)

The Court has determined that Rodrigues' intake questionnaire constituted a charge to the EEOC. See supra Part III.A. Within Rodrigues' charge of discrimination, she indicated that other individuals over the age of 40 experienced discriminatory treatment similar to that alleged by Rodrigues. (Doc. #16-1, p. 4.) This satisfies the requirement of the representative charge containing class-wide allegations.

### C. FCRA Claims

Defendant moves to dismiss plaintiffs' claims under the FCRA on the basis that their charges were untimely and they therefore failed to comply with the conditions precedent to bringing suit. (Doc. #11, pp. 18-19.) Plaintiffs respond that Rodrigues' intake questionnaire constituted a charge of discrimination and was timely, and that Plaintiffs Forte and Levesque are entitled to equitable tolling. (Doc. # 16, pp. 19-20.)

The FCRA requires that an individual timely file a charge of discrimination with the Florida Commission on Human Relations before filing suit for violations of the FCRA. Woodham v. Blue Cross Blue Shield of Fla., Inc., 829 So.2d 891, 893 (Fla. 2002). For a charge to be timely under the FCRA, it must be filed within 365 days of the alleged unlawful employment practice occurred.

Fla. Stat. § 760.11(1). Filing a charge with the EEOC satisfies this requirement and is commonly referred to as "dual filing." Id.

Rodrigues' intake questionnaire sufficiently constituted a charge of discrimination to the EEOC and was well within the 365 day window under the FCRA. Forte alleges discrimination from July 3, 2013 through July 22, 2013, and filed her EEOC Charge on September 23, 2014, over 365 days later. Levesque alleges discrimination from July 3, 2013 through July 22, 2013, and filed her EEOC Charge on August 20, 2013, more than 365 days later. As discussed previously, Forte and Levesque cannot utilize the piggybacking rule because they each filed their own charges of discrimination. Forte cannot utilize equitable tolling and, at this point, the Court is unable to determine whether Levesque may utilize equitable tolling to save her untimely charge.

Accordingly, defendant's Motion to Dismiss Count III is granted as to Forte and denied as to Levesque.

Accordingly, it is now

**ORDERED:**

1) Defendant's Partial Motion to Dismiss (Doc. #11) is **GRANTED AS TO** Forte's claims as an opt-in plaintiff as to Counts I and II and as a plaintiff in Count III **AND IS OTHERWISE DENIED.**

19

2) Defendant shall have **fourteen (14) days** from the date of this Opinion and Order to file a responsive pleading.

**DONE AND ORDERED** at Fort Myers, Florida, this __2nd__ day of November, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record